[See 1 Fed. 242.]

HERETH (WITT v.). See Case No. 17,921.

## Case No. 6,404.

### HERIOT et al. v. DAVIS et al.

[2 Woodb. & M. 229.][1]

Circuit Court, D. Massachusetts. Oct. Term, 1846.

JURISDICTION—CITIZENS OF DIFFERENT STATES.

1. Where in a bill in equity the complainants, and part of the respondents, are described as of

[1] [Reported by Charles L. Woodbury, Esq., and George Minot, Esq.]

one state, and those of the respondents, on whom service is made, and who appear, as of the state where the suit is brought, a demurrer to the bill for want of jurisdiction cannot be sustained.

[Cited in Pierpont v. Fowle, Case No. 11,152; Sands v. Smith, Id. 12,305.]

2. The case will proceed against the person appearing and notified, without prejudice to the others, where their interests can be severed and tried separately.

[Cited in Jewett v. Cunard, Case No. 7,310.]

3. It is doubtful, whether those can be regarded as parties who are not summoned, nor appearing, nor asked to be summoned, unless conditionally, if the court deem it proper.

4. If a want of jurisdiction over the case comes to the knowledge of the court in any way before trial, though not objected to by the proper person, the court will not proceed, being a court of limited powers.

This was a bill in equity [by Benjamin D. Heriot and others against J. A. Davis and others], describing the complainants as citizens of South Carolina, and the respondent, Davis, as a citizen of Massachusetts, but the two other respondents, Chapman and Welsman, as not belonging to Massachusetts, but believed to be residents of South Carolina. The service of the notice to appear was made on Davis alone; and the court was requested in the bill, to give such order in respect to notice to Chapman and Davis, as might conform to its usage and practice. The subject-matter of the bill consisted of a charge of fraud by one Smith, in procuring 100 bales of cotton of the complainants without payment therefor, and pledging them with an agent of Davis to obtain certain advances of money, and which cotton, being insured and lost, the value thereof was paid to Davis. This bill is brought to obtain a discovery and restoration of the balance of the proceeds, after returning the sum advanced by Davis's agent. The other defendants are introduced in the bill only as having been appointed assignees of Smith, he having become an insolvent after perpetrating the alleged fraud. Davis demurred to the bill, and assigned for cause the want of jurisdiction over Chapman and Welsman.

Mr. English, for complainants.
Sohier & Welch, for Davis.

WOODBURY, Circuit Justice. This being a court of limited jurisdiction as to parties, no less than matters, it is necessary to set out in writs and bills in equity enough as to the citizenship of the parties, to show that the court possesses jurisdiction over or between them. Story, Eq. Pl. § 26, note 3; Brown v. Noyes [Case No. 2,023]. Nor is it required that the objection should be made by the person himself, improperly joined in the writ or bill, because this court will not take jurisdiction over a subject or person where by law it does not appear to possess any, however the matter may come

to the knowledge of the court, if before trial, or even if the parties themselves make no objection. Jackson v. Ashton, 8 Pet. [33 U. S.] 149; U. S. v. New Bedford Bridge [Case No. 15,867], and cases cited there. In order to be entitled to jurisdiction over this case, the constitution provides, that the proceeding must be "between citizens of different states." Article 3, § 2. The act of congress uses words somewhat different in conferring jurisdiction on the circuit court, as it introduces another limitation by providing it must be a suit "between a citizen of the state where the suit is brought, and a citizen of another state." The present bill, however, so far as regards all the parties now before this court, and all who have been notified to appear, comes within both the constitution and the act of congress, and thus gives to the court undisputed jurisdiction. But it is argued, that Chapman and Welsman, named in the bill as parties, though not served, nor appearing, must be considered, notwithstanding, as parties within the meaning of the provisions about jurisdiction. I entertain some doubt as to that point. Because there can be no pleadings, nor issues, nor trial, nor binding of any person, who has not been notified nor chosen to appear voluntarily in a suit. In short, no jurisdiction has been or can be exercised over him, and how then can he be regarded as a party to give jurisdiction or defeat it in the proceedings? The court do no more in respect to him or his rights, than they do as to a person sometimes named in a bill as one, who would have been joined and proceeded against, had he not been so situated as a citizen, that joining him would defeat jurisdiction over the whole case. Such a mention of a person never defeats jurisdiction. Here Chapman and Welsman are named as parties in interest, but not to be notified or proceeded against, unless the court deem it proper according to its usages and the law. But, supposing this view was not sound, and Chapman and Welsman are to be regarded as parties for the purpose of raising the question of jurisdiction; I entertain no doubt, according to some adjudged cases, that, belonging to the same state with the complainants, the bill could not proceed against them, and that unless they are severed and dismissed, a case so situated will not come within our jurisdiction. Ward v. Arredondo [Case No. 17,148]; Strawbridge v. Curtiss, 3 Cranch [7 U. S.] 267; [Corporation of New Orleans v. Winter] 1 Wheat. [14 U. S.] 94; Story, Eq. Pl. § 490–492; [Bank of U. S. v. Deveaux] 5 Cranch [9 U. S.] 84. But the correctness of those decisions has been called in question. Louisville, C. & C. R. Co. v. Letson, 2 How. [43 U. S.] 497, 554. And the act of congress passed February 28, 1839 (5 Stat. 321), says expressly: When "there shall be several defendants, any one or more of whom shall

not be inhabitants of, or found within the district where the suit is brought, or shall not voluntarily appear thereto, it shall be lawful for the court to entertain jurisdiction and proceed to the trial and adjudication of such suit between the parties who may be properly before it," but without prejudice to others. Now, though this law has been once supposed not to change the judiciary act of 1789 [1 Stat. 73] as to where parties shall reside, and the former cases were upheld in Commercial & Railroad Bank of Vicksburg v. Slocomb, 14 Pet. [39 U. S.] 60; yet it manifestly meant, under certain facts, to relieve against the construction put on that act in [Strawbridge v. Curtiss] 3 Cranch 267; and it was suited to that very object. See [Louisville, C. & C. R. Co. v. Letson] 2 How. [43 U. S.] 497, 557.

The old cases must, therefore, now be held as to some extent overruled in the more recent one in 2 How. 555. Again, even before the act of 1839, it had been held, that where some of the defendants could be severed, and the case proceed well against those over whom the jurisdiction was clear, it might be done both at law and in chancery. Shute v. Davis [Case No. 12,828]; Cameron v. McRoberts, 3 Wheat. [16 U. S.] 591; Carneel v. Banks, 10 Wheat. [23 U. S.] 181; Hind v. Vattier [Case No. 6,512]. Here the interests of Davis are distinct from those of Chapman and Welsman; and the claim of the complainants against Davis can be litigated and settled with him alone, leaving Chapman and Welsman in subsequent suits, if dissatisfied with the decision so far as affecting Smith or his creditors, whom they represent, to interpose their own claims, and have them adjudicated on. Any decree will be without prejudice to their rights. Such, also, is virtually the 47th rule of this court on this subject, and still other decisions countenance this course. See West v. Randall [Case No. 17,424]; [Wormley v. Wormley] 8 Wheat. [21 U. S.] 451, note. Indeed, Chapman and Welsman are here scarcely more than nominal parties, independent of Davis, for he cannot be required to pay over any balance to the complainants, except on facts and frauds by Smith, as to the property of the complainants, which would utterly bar them from receiving any thing as his assignee. Nominal parties are little to be regarded in such cases. [Browne v. Strode] 5 Cranch [9 U. S.] 303; Wormley v. Wormley, 8 Wheat. [21 U. S.] 421; Russell v. Clark's Ex'r, 7 Cranch [11 U. S.] 98. But however this last consideration may be applicable here with much force, the reasons and decisions before alluded to, in connection with the act of 1839, require me, on the facts in this case, to overrule this demurrer, and let the cause proceed only against Davis.